IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| MARGO M. EDMISTON, | |
|---|---|
| Plaintiff, | Case No. 1:11-CV-395-BLW |
| v. | MEMORANDUM DECISION AND ORDER |
| IDAHO STATE LIQUOR DIVISION, a department of the State of Idaho, and JEFFREY R. ANDERSON, Director of the Idaho State Liquor Division, in his individual and official capacity | |
| Defendants. | |

## INTRODUCTION

The Court has before it a motion to reconsider filed by defendant Anderson. The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

## ANALYSIS

Plaintiff Edmiston claims that she was fired from her job with the Idaho State Liquor Division (ISLD) without due process. While her complaint contained various causes of action, Judge Robert J. Bryan – presiding as a Visiting Judge – granted a partial summary judgment, dismissing all claims except her claim under § 1983 against the ISLD Director, Jeffrey Anderson, in his individual capacity for violating her due process rights. Judge Bryan then referred the case back to this Court for all further proceedings.

**Memorandum Decision & Order – page 1**

Anderson asks the Court to reconsider Judge Bryan's ruling allowing that single claim to remain in the case. He argues that Edmiston's position was eliminated as part of a mandate from the State Legislature to cut the ISLD budget, and that no process is due to an employee laid off for this reason. It is undisputed, however, that if she was targeted for firing – that is, if she was fired for some reason connected to her performance – she would be entitled to a hearing and other due process protections.

Anderson argues that there is no evidence that she was targeted. Judge Bryan disagreed, and this Court also disagrees. Former ISLD Director James Nally testified about a "personal vendetta" between Edmiston and officials at the Department of Human Resources (DHR) and the Department of Financial Management (DFM). *See Nally Deposition* at p. 20. During this "long-standing feud of 20 years," these officials were "watching [Edmiston] like a hawk, much more than they watched other employees, trying to find something wrong . . . watching to try to catch a mistake, to get a reason to fire her for cause." *Id.* at pp. 20-21, 22. Nally recalled DHR officials stating that "we're going to need to get several people in this reduction to make it look like we're not retaliating against [Edmiston]." *Id.* at p. 29.

This evidence creates issues of fact over Anderson's claim that Edmiston was not fired for any reason personal to her but was laid off when her position was eliminated as part of a legislative mandate to cut the ISLD budget. If she was fired for reasons connected to her performance rather than as part of a system-wide reduction-in-force, there is no dispute that she was entitled to certain due process rights that she did not

**Memorandum Decision & Order – page 2**

receive. Moreover, her right to that due process would have been so clear that Anderson would not be entitled to qualified immunity for denying her that due process.

For these reasons, Judge Bryan denied summary judgment on this claim. For the same reasons, the Court will deny the motion to reconsider.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to reconsider (docket no. 48) is DENIED.

DATED: May 7, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court

**Memorandum Decision & Order – page 3**