IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARGO M. EDMISTON,<br><br>    Plaintiff,<br><br>v.<br><br>IDAHO STATE LIQUOR DIVISION, a department of the State of Idaho, and JEFFREY R. ANDERSON, Director of the Idaho State Liquor Division, in his individual and official capacity<br><br>    Defendants. | Case No. 1:11-CV-395-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it defendant Anderson's motion in limine. The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

## ANALYSIS

Anderson's motion in limine asks the Court to exclude any testimony or evidence of an alleged vendetta between plaintiff Edmiston and State officials and employees of the Idaho State Liquor Division (ISLD). Anderson argues that the vendetta evidence is irrelevant under Rule 402 and unduly prejudicial under Rule 403.

The trial in this case will answer a simple question: Why was Edmiston fired? If she was fired for reasons personal to her – and not as part of an agency-wide reduction-

in-force (RIF) – she was entitled to due process protections that she admittedly did not receive.

Evidence of a vendetta would be relevant to whether she was fired for reasons personal to herself. This evidence includes testimony from Anderson's immediate predecessor as ISLD Director, James Nally, that there was a "personal vendetta" between Edmiston and officials at the Department of Human Resources (DHR) and the Department of Financial Management (DFM). *See Nally Deposition* at p. 20. During this "long-standing feud of 20 years," these officials were "watching [Edmiston] like a hawk, much more than they watched other employees, trying to find something wrong . . . watching to try to catch a mistake, to get a reason to fire her for cause." *Id.* at pp. 20-21, 22. Nally recalled DHR officials stating that "we're going to need to get several people in this reduction to make it look like we're not retaliating against [Edmiston]." *Id*. at p. 29.

Anderson alleges he knew nothing about the vendetta and it played no part in his firing of Edmiston. But is it likely that a two-decade long vendetta of that intensity ended without a trace the day Anderson took over from Nally?[1] This evidence challenges Anderson's credibility and is relevant under Rule 402 for that reason. Its probative value is high enough that it is not substantially outweighed by the danger of unfair prejudice, and so is not excluded by Rule 403.

---

[1] The Court must assume the truth of Nally's statements at this stage of the proceedings. Obviously the jury will ultimately determine the credibility of both Nally and Anderson without any such presumptions.

**Memorandum Decision & Order – page 2**

Anderson argues that his subjective intent is irrelevant in determining whether he is entitled to qualified immunity. While that might be true for some cases, it is not true when the underlying constitutional claim is a due process violation: "For instance, unlike in Fourth Amendment cases, plaintiffs' due process claim is based on a subjective, rather than objective standard of culpability." *A.D. v. California Highway Patrol,* 712 F.3d 446, 458 (9th Cir. 2013). In a due process case like this one, the Court ultimately makes the qualified immunity determination but "must apply the qualified immunity framework to the facts that the jury found including the defendant's subjective intent." *Id.* at 459. In this case, it matters why Anderson fired Edmiston, a question of fact for the jury. If he fired her due to pressure from superiors motivated by a vendetta against her personally – rather than as part of an agency-wide RIF – then he clearly owed her due process protections that were not provided. That is highly relevant to whether Anderson is entitled to qualified immunity, a question for the Court, based on the jury's findings.

Of course, this analysis is necessarily general in nature, and any particular evidence must be reexamined at trial in context. But at this point, the Court cannot find that all vendetta evidence should be excluded. The Court will deny the motion in limine, without prejudice to Anderson's right to object to any evidence at trial.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion in limine (docket no. 60) is DENIED without prejudice to Anderson's right to object to evidence at trial.

**Memorandum Decision & Order – page 3**

DATED: May 22, 2014



_____
B. Lynn Winmill
Chief Judge
United States District Court