IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARGO M. EDMISTON,<br><br>         Plaintiff,<br><br>         v.<br><br>IDAHO STATE LIQUOR DIVISION, a department of the State of Idaho, and JEFFREY R. ANDERSON, Director of the Idaho State Liquor Division, in his individual and official capacity<br><br>         Defendants. | Case No. 1:11-CV-395-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it a motion for judgment as a matter of law or for new trial filed by plaintiff Edmiston, and a motion for attorney fees filed by defendant Anderson. The motions are fully briefed and at issue. For the reasons explained below, the Court will deny both motions.

## ANALYSIS

### Motion For Judgment or New Trial

In this lawsuit, plaintiff Edmiston claimed that she was fired from her job with the Idaho State Liquor Division (ISLD) without due process. Her complaint contained numerous claims, most of which were dismissed at the summary judgment stage except for her claim under § 1983 against the ISLD Director, Jeffrey Anderson, in his individual capacity for violating her due process rights. Specifically, Edmiston claimed that she was

fired by Anderson as part of a vendetta against her, and was deprived of a hearing in violation of her due process rights.

The case went to trial before a jury. Edmiston put on evidence that she was the victim of a feud, and was targeted for firing under the guise of an agency-wide reduction in force (RIF). Anderson responded with evidence that the RIF was not a sham but was the result of a mandate from the Idaho Legislature to cut the ISLD budget.

The jury sided with Anderson, finding that Edmiston failed to prove that she was fired "for reasons personal to her rather than due to a [RIF]." *See Special Verdict Form (Dkt. No. 78).* There was substantial evidence at trial to support this verdict and the Court refuses to set it aside. *Pavao v. Pagay,* 307 F.3d 915, 918 (9th Cir.2002) (construing the evidence in a light most favorable to the nonmoving party, a jury's verdict must be upheld if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion).

Edmiston argues, however, that even if she was not fired for reasons personal to her, she was nevertheless entitled to a due process hearing, and she cites in support *Clements v. Airport Authority,* 69 F.3d 321 (9th Cir. 1995). In that case, the plaintiff argued that she was personally targeted for termination under the guise of an agency-wide reorganization. The district court granted summary judgment for the defense, citing the lack of any questions of fact. The Circuit reversed, pointing to evidence that "suggests that the reorganization targeted [plaintiff] rather than the position she held." *Id.* at 334-35.

The decision does not discuss whether the defense argued that a legitimate RIF would preclude the need for a pre-termination hearing. The vast majority of courts that have directly considered that issue have held that there is no right to a pre-termination hearing when a public employee is terminated pursuant to a legitimate RIF. *Whalen v. Mass. Trial Ct.*, 397 F.3d 19, 24 (1st Cir.2005) (recognizing "a limited reorganization exception to due process that eliminates the need for a hearing where a reorganization or other cost-cutting measure results in the dismissal of an employee"); *Gunville v. Walker,* 583 F.3d 979, 989 (7th Cir. 2009) (recognizing that "there is an exception to a hearing right when the discharge is caused by reorganization."); *Day v. City of Providence*, 338 F.Supp.2d 310, 317 (D.R.I.2004) (" Where a reorganization or other cost-cutting measure results in dismissal of an employee no hearing is due"); *see also Upshaw v. Metropolitan Nashville Airport Auth.*, 207 Fed. App'x 516, 519 (6th Cir.2006) (observing that "[a] number of other jurisdictions have recognized a general "reorganization exception" to civil service-derived due process requirements"); *Washington Teachers' Union Local # 6 v. Board of Educ.*, 109 F.3d 774, 779–80 (D.C.Cir.1997) (suggesting a property interest in continued employment may not survive a bona fide reduction in force); *Ritz v. Town of East Hartford*, 110 F.Supp.2d 94, 102 (D.Conn.2000) (suggesting that "legitimate reorganization" would be grounds to grant defendants' motion for summary judgment on the issue of a procedural due process violation of employee with protected property interest).

These cases reason that "[b]ecause such a [RIF] is aimed at positions of employment rather than at individual employees, a pre-termination hearing would be a

futile exercise." *Rodriguez-Sanchez v. Municipality of Santa Isabel,* 658 F.3d 125, 130 (1st Cir. 2011). The employee has a constitutionally protected property interest in a given position, and "once the government abolishes the position, the employee has nothing in which she can claim an entitlement," so long as the abolishment is not a pretext for firing certain individuals. *Schulz v. Green County, State of Wisconsin,* 645 F.3d 949, 952 (7th Cir. 2011). This rule "reflects the difference between legislative and adjudicative decisions." *Id.* at 954. For example,

> welfare recipients have property rights in their benefits, but only in the sense that they may have legitimate claims of entitlement to whatever benefits the legislature creates. If Congress changes the rules, there is no right to notice and a hearing because there is no property right in the structure of the program.

*Id.* This distinction gives governments flexibility to address systemic needs while preserving the employees' protection against job actions directed against them personally. *Hartman,* 636 F.Supp. at 1410.

This issue was not addressed by the Ninth Circuit in *Clements,* and the parties cite no Ninth Circuit case where it has been addressed. Having been provided with no binding authority from this Circuit, the Court adopts the reasoning of the cases cited above. The jury found that Edmiston was not terminated for reasons personal to her but rather was terminated as part of a legitimate RIF. Given that finding, Edmiston had no due process right to a hearing.

Moreover, defendant Anderson is entitled to qualified immunity under these circumstances. Qualified immunity shields state officials from money damages unless the plaintiff shows that (1) the official violated a statutory or constitutional right, and (2)

the right was "clearly established" at the time of the challenged conduct." *Ashcroft v. al–Kidd,* 131 S.Ct. 2074, 2080 (2011). For a law to be "clearly established," the law must so clearly and unambiguously prohibit an official's conduct that every reasonable official would have understood that what he is doing violates that right." *Id.* at 2083. While the "clearly established" standard does not require a case on point, "existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* Qualified immunity gives government officials "breathing room to make reasonable but mistaken judgments about open legal questions. When properly applied, it protects all but the plainly incompetent or those who knowingly violate the law." *Id.* at 2085.

The discussion above shows (1) that Edmiston's due process rights were not violated, and (2) that there was no clearly established law granting Edmiston the right to a hearing. Anderson is thus entitled to qualified immunity.

For all of these reasons, the Court will deny Edmiston's motion for judgment as a matter of law or for new trial.

## Anderson's Motion for Attorney Fees

Anderson seeks $18,501.80 in attorney fees under 42 U.S.C. § 1988. A prevailing defendant is entitled to fees under § 1988 "only when the action brought is found to be unreasonable, frivolous, meritless or vexatious." *Edgerly v. City & County of San Francisco,* 599 F.3d 946, 962 (9th Cir. 2010).

Anderson is not seeking all his fees, but only that portion devoted to dismissing certain frivolous claims. Specifically, Anderson labels as frivolous (1) Edmiston's claims

seeking monetary damages from the ISLD and Anderson in his official capacity; and (2) Edmiston's claims seeking recovery under the Idaho Constitution.

Anderson estimates that two-thirds of the time he spent on his summary judgment briefing was devoted to these frivolous claims. His total fee for the summary judgment briefing was $27,752.70, and two-thirds of that figure is $18,501.80, the amount he seeks to recover in the motion now pending before the Court.

The Court turns first to Anderson's allegation that the claims under the Idaho Constitution were frivolous. The Court has reviewed Edmiston's brief on this issue and finds that she was arguing for a good faith extension of the current law, and that her assertions were not frivolous.

With regard to Edmiston's claims seeking monetary damages against the Idaho State Liquor Division and Anderson in his official capacity, those claims are clearly frivolous – there was no question but that 11th Amendment immunity applied, and Edmiston did not even attempt to argue otherwise in her response brief on the summary judgment issues.

Indeed, the claim for monetary damages is so clearly subject to dismissal that counsel should have agreed between themselves to drop that claim without having to go through summary judgment proceedings. Anderson's counsel has not claimed that he even attempted such a cost-saving solution, but at the same time, Edmiston's counsel has not explained why he continued to maintain such a frivolous claim so late in the litigation. The bottom line, however, is that little damage was done – the claim was so

lame that it could be back-handed in mere minutes. The fees incurred would be measured in pennies rather than dollars.

Given that both counsel bear some responsibility here, and the fact that the fees attributable to this claim are miniscule, the Court will deny the motion for fees.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for judgment as a matter of law or for new trial (docket no. 80) is DENIED.

IT IS FURTHER ORDERED, that the motion for fees (docket no. 82) is DENIED.

DATED: February 6, 2015

B. Lynn Winmill
Chief Judge
United States District Court